**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000722
31-MAY-2012
09:46 AM**

NO. CAAP-11-0000722

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DEBORAH J. WALTRIP, Claimant-Appellant,
v.
TS ENTERPRISES, INC., dba KIMO'S RESTAURANT,
and FIREMAN'S FUND INSURANCE COMPANY,
Employer/Insurance Carrier-Appellee,
and
SPECIAL COMPENSATION FUND, Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2007-047(M) (7-02-00262))

ORDER GRANTING IN PART AND DENYING IN PART
APPELLEE SPECIAL COMPENSATION FUND'S MAY 3, 2012
MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of (1) Appellee Special Compensation Fund's (Appellee Special Compensation Fund) May 3, 2012 motion to dismiss Appeal No. CAAP-11-0000722 for lack of jurisdiction, (2) Claimant-Appellant Deborah J. Waltrip's (Appellant Waltrip) lack of response thereto, and (3) the record, it appears that we lack jurisdiction over part, but not necessarily all, of

Appellant Waltrip's appeal from the Labor and Industrial Relations Appeals Board's[1] following three orders:

(1) July 25, 2011 decision and order;

(2) August 29, 2011 order denying Appellant Waltrip's request to reconsider the July 25, 2011 decision and order; and

(3) September 28, 2011 order denying Appellant Waltrip's motion to vacate the July 25, 2011 decision and order.

The Labor and Industrial Relations Appeals Board July 25, 2011 decision and order was a final decision and order in a contested case" under Hawaii Revised Statutes (HRS) § 91-14(a) (1993 & Supp. 2011) that was appealable directly to the intermediate court of appeals pursuant to HRS § 386-88 (Supp. 2011). Pursuant to Hawaii Administrative Rules (HAR) § 12-47-53(a) (2011), Appellant Waltrip extended the thirty-day time period under HRS § 386-88 (Supp. 2011) for filing a notice of appeal when Appellant Waltrip filed her August 23, 2011 request for reconsideration within thirty days after entry of the LIRAB's July 25, 2011 decision and order, as HAR § 12-47-53(a) requires. However, Appellant Waltrip did not file her October 3, 2011 notice of appeal within thirty days after the Labor and Industrial Relations Appeals Board's August 29, 2011 mailing of the August 29, 2011 order denying Appellant Waltrip's August 23, 2011 request for reconsideration of the July 25, 2011 decision and order, in violation of the thirty-day time period for doing so under HAR § 12-47-53(a). Consequently, Appellant Waltrip's October 3, 2011 notice of appeal is untimely as to the Labor and

---

[1] At relevant times, the presiding members of the Labor and Industrial Relations Appeals Board were Chairman Roland Q.F. Thom, Member Melanie S. Matsui, and Member David A. Pendleton.

Industrial Relations Appeals Board's July 25, 2011 decision and order and August 29, 2011 order denying Appellant Waltrip's request to reconsider the July 25, 2011 decision and order. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986). Therefore, we lack jurisdiction over Appellant Waltrip's appeal as to the Labor and Industrial Relations Appeals Board's July 25, 2011 decision and order and August 29, 2011 order denying Appellant Waltrip's request to reconsider the July 25, 2011 decision and order.

Nevertheless, it appears that we might have appellate jurisdiction over Appellant Waltrip's appeal from the Labor and Industrial Relations Appeals Board's September 28, 2011 order denying Appellant Waltrip's motion to vacate the July 25, 2011 decision and order. Under analogous circumstances, Hawai'i appellate courts have acknowledged the appealability of a post-judgment order that ended a post-judgment proceeding and left nothing further to be accomplished in the post-judgment proceeding. Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (regarding HRS § 641-1(a) (Supp. 1993 & Supp. 2011)); Hall v. Hall, 96 Hawai'i 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001) (regarding HRS § 571-54 (2006)), affirmed in part, and vacated in part on other grounds, Hall v. Hall, 95 Hawai'i 318, 22 P.3d 965 (2001); State v. Johnson, 96 Hawai'i 462, 469, 32 P.3d 106, 113 (App. 2001) (regarding HRS § 641-11 (Supp. 2011)).

The Labor and Industrial Relations Appeals Board's September 28, 2011 order appears to have ended the post-judgment proceedings for Appellant Waltrip's September 23, 2011 motion to vacate the July 25, 2011 decision and order, and it left nothing further to be accomplished. Therefore, it appears that the September 28, 2011 order denying Appellant Waltrip's motion to vacate the July 25, 2011 decision and order might be an appealable post-judgment order pursuant to HRS § 386-88. Appellant Waltrip filed her October 3, 2011 notice of appeal within thirty days after the September 28, 2011 mailing of the September 28, 2011 order denying Appellant Waltrip's motion to vacate the July 25, 2011 decision and order, as HRS § 386-88 appears to require. Therefore, it appears that Appellant Waltrip's appeal might be timely as to the September 28, 2011 order denying Appellant Waltrip's motion to vacate the July 25, 2011 decision and order. Consequently, we might have appellate jurisdiction over Appellant Waltrip's appeal as to the September 28, 2011 order denying Appellant Waltrip's motion to vacate the July 25, 2011 decision and order. At this preliminary time in the appeal, we need not conclusively decide the issue whether we have appellate jurisdiction over Appellant Waltrip's appeal as to the September 28, 2011 order denying Appellant Waltrip's motion to vacate the July 25, 2011 decision and order. Accordingly,

IT IS HEREBY ORDERED that Appellee Special Compensation Fund's May 3, 2012 motion to dismiss Appeal No. CAAP-11-0000722 for lack of jurisdiction is granted in part and denied in part. We grant Appellee Special Compensation Fund's May 3, 2012 motion

to dismiss Appeal No. CAAP-11-0000722 for lack of jurisdiction as to the following two orders: (1) the July 25, 2011 decision and order and (2) the August 29, 2011 order denying Appellant Waltrip's request to reconsider the July 25, 2011 decision and order. We deny Appellee Special Compensation Fund's May 3, 2012 motion to dismiss Appeal No. CAAP-11-0000722 for lack of jurisdiction as to the September 28, 2011 order denying Appellant Waltrip's motion to vacate the July 25, 2011 decision and order, but we do so without prejudice to the parties' further addressing the issue of appellate jurisdiction in their respective appellate briefs. The parties shall proceed with briefing pursuant to Rule 28 of the Hawai'i Rules of Appellate Procedure.

DATED: Honolulu, Hawai'i, May 31, 2012.

Presiding Judge

Associate Judge

Associate Judge

-5-